UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

KIMBERLY A REILLY, et al.,

      Plaintiffs,

v.                   Case No. 22-cv-1168-bhl

ASCENSION WISCONSIN, et al.,

      Defendants.

---

## ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

---

  In the summer of 2021, Ascension Health Alliance (Ascension) instituted a mandatory nationwide COVID-19 vaccination policy for its healthcare workers. Plaintiffs are among those workers who requested and were denied an exemption from the policy on religious grounds. When they refused vaccination, Plaintiffs were suspended or terminated. As a result, 34 Plaintiffs have filed 9 different lawsuits in this Court alleging that various entities within the Ascension healthcare system[1] engaged in religious discrimination in violation of Title VII of the Civil Rights Act of 1964 by failing to provide religious accommodations and by suspending or terminating them for religious reasons.

  On June 8, 2023, the Court consolidated the cases. (ECF No. 34.) Following a brief stay while Plaintiffs opted out of a putative nationwide class action against Ascension, the Court ordered the parties to select a total of six test plaintiffs to be the focus of discovery and the subject of dispositive motions. (ECF Nos. 43, 44.) Ascension now seeks summary judgment on the test plaintiffs' claims, including claims for religious discrimination under Title VII and a single claim by one test plaintiff for breach of contract. (ECF No. 103.) As explained below, the Court concludes that Ascension is entitled to summary judgment on all claims as to all test plaintiffs. Because the reasoning appears to apply to the claims of the remaining plaintiffs as well, the Court will allow Plaintiffs' counsel 30 days to file a statement identifying any particular facts or legal

---

[1] Defendants are all affiliates of the Ascension healthcare system. For simplicity, the Court will refer to Defendants in this matter as Ascension unless greater specificity is required.

arguments that might warrant a different result for any remaining plaintiffs and cases. If no such differences exist, the Court will enter a final judgment for Ascension in all cases.

## BACKGROUND[2]

Ascension is one of the largest healthcare organizations in the United States. (ECF No. 105 ¶2.) Defendants[3] are subsidiaries of Ascension. (ECF No. 109 ¶1.) Ascension and its subsidiaries are non-profit organizations and healing ministries of the Catholic Church. (*Id.* ¶¶31, 266; ECF No. 105 ¶4.) Ascension's public website identifies it as a Catholic religious organization and states that: "Our Mission, Vision, Values and identity as a healing ministry of the Catholic Church guide our practices . . . ." (ECF No. 109 ¶¶268–69.)

In the summer of 2021, Ascension instituted a COVID-19 vaccine policy. (*Id.* ¶56.) Plaintiffs were Ascension employees subject to the policy. (*Id.* ¶57.) Ascension's vaccine policy provided employees with an opportunity to request religious or medical exemptions and indicated that any employee who was unvaccinated and had not received an exemption by November 12, 2021 would be suspended and ultimately terminated. (*Id.* ¶¶58–59.)

The six test plaintiffs were Ascension employees who applied for, but were denied, religious exemptions to the vaccine policy. When they nonetheless refused vaccination, they were suspended or terminated. Plaintiff Deborah Bartmann is a nurse practitioner employed by Ascension Medical Group. (*Id.* ¶¶82–83.) Bartmann requested and was denied a religious exemption from the vaccine policy. (*Id.* ¶105.) She was suspended but returned to work on December 20, 2021. (*Id.* ¶126.) Plaintiff Jamie Weir was a registered nurse employed by Ascension Medical Group Oakwood Pediatrics. (*Id.* ¶130.) Weir requested and was denied a religious exemption from the vaccine policy. (*Id.* ¶¶139–41.) Weir was suspended on November 12, 2021. (*Id.* ¶149.) She was invited to return to work on December 20, 2021, but declined. (*Id.*

---

[2] This Background is derived primarily from Defendants' Proposed Findings of Fact, (ECF No. 109), which are properly supported with citations to evidence in the record. While Plaintiffs dispute some of Defendants' proposed findings of fact, they do so only in general terms without identifying any specific evidence justifying their dispute. (*See, e.g.,* ECF No. 109 ¶13 (disputing Ascension's contention without a citation to the record)); *see also Gupta v. Melloh*, 19 F.4th 990, 997 (7th Cir. 2021) (noting that the non-moving party must "identify specific, admissible evidence showing that there is a genuine dispute of material fact.").
[3] The Consolidated Defendants include Ascension Wisconsin, Ascension Health Inc., Ascension NE Wisconsin Inc., Ascension All Saints Hospital Inc., Columbia St. Mary's Hospital Milwaukee, Inc., Orthopaedic Hospital of Wisconsin LLC, Ascension Medical Group – Fox Valley Inc., Ascension SE Wisconsin Inc., Medxcel Facilities Management LLC, Ascension Calumet Hospital Inc., Ascension SE Wisconsin Hospital Inc., Ascension Health Ministry Inc., Columbia St. Mary's Inc., Columbia St. Mary's Hospital Ozaukee Inc., and Ascension Medical Group – Southeast Wisconsin Inc.

¶¶150–51.) Plaintiff Daniel Zajicek was employed by Ascension Medical Group at St. Elizabeth's Hospital as a physician's assistant. (*Id.* ¶154.) Zajicek requested and was denied a religious exemption from the vaccine policy. (*Id.* ¶¶163–67.) Zajicek was suspended but returned to work on December 13, 2021. (*Id.* ¶¶178–79.) Plaintiff Natalie Bettin worked at Columbia St. Mary's Hospital as a nurse. (*Id.* ¶180.) Bettin requested and was denied a religious exemption from the vaccine policy. (*Id.* ¶194.) She was suspended but returned to work a few weeks later. (*Id.* ¶¶195–96.) Plaintiff Jeremy Halcomb was employed by Ascension Columbia – St. Mary's as a director of operations for the employer solutions division. (*Id.* ¶245.) Halcomb requested and was denied a religious exemption from the vaccine policy. (*Id.* ¶254.) Halcomb was suspended on or around November 11, 2021 and did not return to work. (*Id.* ¶¶262–65.) Plaintiff Edward Bayer was employed by Ascension Medical Group as a pediatrician. (*Id.* ¶198.) Bayer requested and was denied a religious exemption from the vaccine policy. (*Id.* ¶¶215, 224.) He verbally tendered his resignation before November 12, 2021. (*Id.* ¶238.)

## LEGAL STANDARD

Summary judgment is appropriate if the record shows there are no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The Court must determine whether "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A fact is "material" if, under the governing law, it could affect the outcome of the lawsuit. *Id.* at 248. A dispute over a material fact is "genuine" only if a reasonable trier of fact could find in favor of the non-moving party on the evidence presented. *Id.*; *Contreras v. City of Chicago*, 119 F.3d 1286, 1289–90 (7th Cir. 1997).

The moving party bears the initial burden of proving the absence of any genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). This burden "may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325. Upon such a showing, the burden shifts to the opposing party to "make a showing sufficient to establish the existence of an element essential to that party's case." *Modrowski v. Pigatto*, 712 F.3d 1166, 1168 (7th Cir. 2013) (quoting *Celotex*, 477 U.S. at 322). This burden is not onerous, but the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts" and provide specific facts showing a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475

U.S. 574, 586–87 (1986) (citing Fed. R. Civ. P. 56(e)). Those specific facts must be supported by admissible evidence. *Gunville v. Walker*, 583 F.3d 979, 985 (7th Cir. 2009) ("[A] court may consider only admissible evidence in assessing a motion for summary judgment.").

If the parties assert different views of the facts, the Court must view the record in the light most favorable to the nonmoving party. *EEOC v. Sears, Roebuck & Co.*, 233 F.3d 432, 437 (7th Cir. 2000). "Although we construe all facts and make all reasonable inferences in the nonmoving party's favor, the moving party may succeed by showing an absence of evidence to support the non-moving party's claims." *Marnocha v. St. Vincent Hosp. & Health Care Ctr., Inc.*, 986 F.3d 711, 718 (7th Cir. 2021) (quoting *Tyburski v. City of Chicago*, 964 F.3d 590, 597 (7th Cir. 2020)).

## ANALYSIS

Each of the six test plaintiffs asserts two claims for religious discrimination under Title VII: one for adverse employment action and a second for failure to provide religious accommodation.[4] Plaintiff Bayer also asserts a claim for breach of contract. Ascension argues that it is entitled to summary judgment on all Title VII claims because, as a religious organization, it is exempt from Title VII's religious discrimination provisions. (ECF No. 103 at 23–25) Alternatively, it argues that Bettin's, Bartmann's, and Holcomb's claims are untimely, (*id.* at 25–27), that Plaintiffs cannot establish that sincerely held religious beliefs conflicted with the vaccine requirement, (*id.* at 27–35), that granting accommodations would have posed an undue hardship, (*id.* at 35–39), and that Plaintiffs' adverse action claims are legally insufficient, (*id.* at 39–43). With respect to Bayer's breach of contract claim, Ascension argues that summary judgment is appropriate because he has failed to identify any contract he had with any Defendant and, to the extent a contract does exist, the facts establish only a breach by Bayer, not Defendants. (*Id.* at 43.)

The Court agrees with Ascension that Title VII's exemption for religious entities, 42 U.S.C. § 2000e-1(a), shields it from religious discrimination claims. Accordingly, it will grant summary judgment to Ascension on the test plaintiffs' Title VII claims without reaching Defendants' other arguments. As to the breach of contract claim, the Court also agrees that Bayer has not proved the existence of a contract with any Defendant, making summary judgment appropriate on that claim as well.

---

[4] Plaintiffs also asserted tort claims for "wrongful suspension in violation of public policy," but have abandoned those claims. (*See* ECF No. 111 at 28.)

## I. Ascension is Exempt from Plaintiffs' Title VII Religious Discrimination Claims.

Among other types of prohibited discrimination, "Title VII of the Civil Rights Act of 1964 prohibits discrimination in employment on the basis of religion." *Adeyeye v. Heartland Sweeteners, LLC*, 721 F.3d 444, 447 (7th Cir. 2013); 42 U.S.C. § 2000e-2(a). With respect to religious discrimination, however, Congress also included a provision in Title VII that specifically exempts religious organizations from such claims. The statute specifically does "not apply to . . . a religious corporation, association, educational institution or society with respect to the employment of individuals of a particular religion to perform work connected with the carrying on by such [religious organization] of its activities." § 2000e-1(a). The Supreme Court has confirmed that this provision "exempts religious organizations from Title VII's prohibition against discrimination in employment on the basis of religion." *Corp. of Presiding Bishop of Church of Jesus Christ of Latter-day Saints v. Amos*, 483 U.S. 327, 329 (1987). The Court has also confirmed that the exemption applies to both secular and nonsecular activities of religious organizations. *See id.* at 329–30.

Ascension argues that it is a non-profit religious organization and, as such, is exempt from any Title VII claims based on religious discrimination. (ECF No. 103 at 23–25.) It points to facts establishing the deep ties between Ascension and the Catholic Church and argues that its "mission, vision and values all highlight the religious nature of the organization." (*Id.* at 24.) It supports its argument with declarations and deposition testimony confirming that it: is a non-profit religious organization that is a healing ministry of the Catholic Church; publicly identifies itself as a Catholic religious organization; is guided in "Mission, Vision, and Values" by its Catholic identity; adorns its workplaces with religious imagery; conducts regular masses and prayer; and performs healthcare services and mission work on behalf of the Catholic Church. (ECF No. 109 ¶¶31–32, 36, 266–70.) The record thus establishes that Ascension is a religious organization exempt from Title VII claims for religious discrimination.

Plaintiffs claim to dispute many of Ascension proposed facts, but they do so only generally and without factual support. (*See* ECF No. 109 ¶¶266–70.) This is insufficient to put any of the material facts in dispute. At summary judgment, the non-moving party must "respond to the moving party's properly-supported motion by identifying specific, admissible evidence showing that there is a genuine dispute of material fact for trial." *Johnson v. Advocate Health and Hosps.*

*Corp.*, 892 F.3d 887, 894 (7th Cir. 2018) (quoting *Grant v. Trs. of Ind. Univ.*, 870 F.3d 562, 568 (7th Cir. 2017)). Plaintiffs have not come forward with such evidence here. Accordingly, their attempt to create a factual dispute is unavailing, and Ascension's assertion that it and its affiliates are religious organizations within the meaning of Title VII's exemption is established as undisputed.

The only remaining legal issue is whether Plaintiffs' claims are covered by the statutory exemption. A simple review of the complaint and briefing shows Plaintiffs' claims fall under the exemptions. Plaintiffs claim that they have been discriminated against on the basis of their religious views. (ECF No. 46 ¶¶29–42, 46–62; ECF No. 111 at 15–20.) Such claims are plainly covered by the statutory exemption. In *Fry v. Ascension Health Ministry Services*, No. 18-CV-1573, 2019 WL 1320320 (E.D. Wis. Mar. 22, 2019), this Court dismissed a religious discrimination claim against an Ascension hospital on grounds that it was exempt from such claims under 42 U.S.C. § 2000e-1(a). The holding and analysis in *Fry* are directly applicable here. Ascension also cites two other district court decisions in which courts have held that religious organizations, like Ascension, were exempt from similar Title VII claims for religious discrimination. (ECF No. 103 at 24 (citing *Crotteau v. St. Coletta of Wis.*, 200 F. Supp. 3d 804, 811 (W.D. Wis. 2016); *Conway v. Mercy Hosp. St. Louis*, No. 4:22-CV-1113, 2024 WL 551892 (E.D. Mo. Feb. 12, 2024)).) These authorities also confirm the Court's reading of § 2000e-1(a).

In response, Plaintiffs spend a great deal of their briefing arguing that the "ministerial exception," a First Amendment doctrine, does not bar their claims. (*See* ECF No. 111 at 22–24.) This argument misses the point. The Court agrees that the ministerial exception is not applicable here, but that is not the basis for Ascension's summary judgment argument. Ascension argues that Plaintiffs' claims are barred by the Title VII statutory exemption for religious organizations from religious claims set forth in § 2000e-1(a). This is different than the ministerial exception, which is a court-made First Amendment doctrine that excepts religious organizations from federal employment discrimination statutes in certain circumstances relating to the hiring and firing of their "ministerial" employees. *See Our Lady of Guadalupe Sch. v. Morrisey-Berru*, 591 U.S. 732, 746 (2020). Plaintiffs appear to misunderstand that the ministerial exception under the First Amendment is distinct from Title VII's statutory exemption.

Plaintiffs fare no better in attempting to distinguish Ascension's cited authorities. Contrary to Plaintiffs' assertion, (*see* ECF No. 111 at 23), *Fry* explicitly dismissed a Title VII claim for

religious discrimination on grounds that the defendant, an Ascension hospital, was exempt from such claim under 42 U.S.C. § 2000e-1(a), noting that the plaintiff had explicitly pleaded that the defendant was a not-for-profit hospital and that "Ascension is the largest Catholic healthcare system in the world." *Fry*, 2019 WL 1320320 at *2–3. While the court also later resolved a Title VII claim at summary judgment, that remaining claim was for discrimination on the basis of sexual orientation, not religious discrimination. *See Fry v. Ascension Health Ministry Servs.*, No. 18-CV-1573, 2021 WL 1733397, at *5 (E.D. Wis. May 3, 2021). Plaintiffs also quote limiting language in *Crotteau* that "<u>certain</u> religious employers are exempt from religious-discrimination part of Title VII and may take religion into account in making employment decisions." (ECF No. 111 at 23 (emphasis in original) (quoting *Crotteau*, 200 F. Supp. 3d at 810).) But Plaintiffs make no attempt to show how Ascension falls outside the category of religious employers that are exempted from religious discrimination claims under Title VII. Plaintiffs correctly note that *Conway* is an out-of-circuit opinion, but nothing they say about its reasoning renders the decision unpersuasive. The only Seventh Circuit caselaw Plaintiffs cite relates to the ministerial exception, which the Court has already explained is not on point. (*See id.* at 23–24.) Plaintiffs cite to a Michigan district court decision, *Gorski v. Ascension St. John Hospital*, No. 2:22-cv-13009, 2024 WL 1327904 (E.D. Mich. Mar. 25, 2024), in which that court declined to dismiss Title VII religious discrimination claims against an Ascension hospital, but that decision was made at the motion to dismiss stage, not summary judgment, and the decision does not discuss the statutory exemption under 42 U.S.C. § 2000e-1(a).

Because Ascension is a religious organization covered by 42 U.S.C. § 2000e-1(a), it is entitled to summary judgment on Plaintiffs' Title VII claims for both religious discrimination and failure to provide religious accommodations. Each is a claim of "discrimination in employment on the basis of religion" and thus cannot be brought against Ascension. *See Amos*, 483 U.S. at 329.

## II. Bayer Has Not Provided Evidence of a Contract with Ascension.

Plaintiff Bayer also asserts a claim for breach of contract. (Case No. 23-cv-0007, ECF No. 5 ¶¶57–67.) He alleges that he had a written employment agreement with "Network Health System, Inc. d/b/a Affinity Medical Group" (Network Health) and claims that the contract was assigned at some point to Defendants when Network Health became part of the Ascension network. (*Id.* ¶58.) Bayer claims that Ascension breached the contract by suspending him without pay and

constructively discharging him. (*Id.* ¶¶60–66.) Bayer attached a copy of his contract with Network Health to the complaint, (*id.*, ECF No. 5-3), but offers no evidence of any assignment. The parties agree that Wisconsin law applies to Bayer's claim. (*See* ECF No. 103 at 43; ECF no. 111 at 28.)

Ascension argues that it is entitled to summary judgment on this claim because he has at most shown that he had a contract with Network Health, not Ascension, and even if he had a contract with an Ascension-related Defendant, he cannot establish a breach by any Ascension entity. (ECF No. 103 at 43.) Plaintiffs respond by simply pointing to the contract Bayer attached to the complaint and insisting that he was constructively discharged without the contract's required severance pay in breach of that contract. (ECF No. 111 at 28.)

The Court will grant summary judgment to Ascension on Bayer's breach of contract claim because he has not provided any evidence of a contract with any Defendant. To recover for breach of contract a plaintiff must establish, first and foremost, the existence of a contract between the plaintiff and the defendant. *See Pagoudis v. Keidl*, 988 N.W.2d 606, 612 (Wis. 2023). At the pleading stage, it was sufficient for Plaintiffs to allege that Bayer's contract with Network Health was assigned to Ascension when Network Health became part of the Ascension network. But at the summary judgment stage, Bayer is required to support his factual positions with citations to evidence in the record. *See* Fed. R. Civ. P. 56(c)(1). He has not done so.

Ascension cites Bayer's deposition testimony, in which he admitted that he had no evidence that Ascension adopted or took over his employment agreement. (ECF No. 103 at 43 (citing ECF No. 109 ¶307 (citing ECF No. 93 at 111)).) In response, Plaintiffs simply state that "Bayer's contract is attached to the complaint." (ECF No. 109 ¶307.) But the attached contract states that it is between "NETWORK HEALTH SYSTEM, INC. d/b/a Affinity Medical Group" and Bayer. (Case No. 23-cv-0007, ECF No. 5-3 at 2.) Network Health is not a defendant in this matter and Plaintiffs have not come forward with any evidence on which a reasonable jury could find that Ascension or any Defendant was a successor to or otherwise adopted the contract. Accordingly, Ascension is entitled to summary judgment on Bayer's breach of contract claim. *See Marnocha*, 986 F.3d at 718 ("[T]he moving party may succeed by showing an absence of evidence to support the non-moving party's claims.").

## CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment, ECF No. 103, is **GRANTED**. All claims brought by Test Plaintiffs Deborah Bartmann, Jamie Weir, Daniel Zajicek, Natalie Bettin, Edward Bayer, and Jeremy Halcomb are **DISMISSED**.

**IT IS FURTHER ORDERED** that Plaintiffs shall file a statement on or before **November 18, 2024**, identifying any particular facts or legal arguments that might warrant a different result for any remaining plaintiff. If such differences exist, the Court will schedule further proceedings for the resolution of those cases. If not, the Court will also enter summary judgment for Defendants in those cases.

Dated at Milwaukee, Wisconsin on October 18, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge